**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO AYALA-VALENCIA, | No. 23-261 |
| Petitioner, | Agency No. A216-639-713 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Court

Submitted June 5, 2024[**]
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Petitioner Francisco Ayala-Valencia ("Ayala-Valencia"), a native and citizen of Mexico, seeks review of the Immigration Judge's ("IJ's") order affirming an asylum officer's negative reasonable fear determination. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We review an IJ's reasonable fear determination for substantial evidence and "must uphold the IJ's conclusion . . . unless, based on the evidence, 'any reasonable adjudicator would be compelled to conclude [] the contrary.'" *Id.* at 833 (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

1. Substantial evidence supports the IJ's conclusion that Ayala-Valencia has not shown eligibility for protection under the Convention Against Torture ("CAT"). To demonstrate a reasonable possibility of torture, Ayala-Valencia must show that there is "at least a ten percent chance" that upon returning to Mexico he will be tortured "with the consent or acquiescence of a public official." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195–96 (9th Cir. 2021). Assuming that Ayala-Valencia has established a reasonable possibility of torture, his credible testimony and other evidence does not establish a reasonable possibility that Mexican authorities would inflict, consent to, or acquiesce to his torture. Ayala-Valencia testified that he did not

2

know the identity of the men who attacked him, undercutting any inference that state actors inflicted the harm he experienced. He also testified that he never reported or tried to report the harm he experienced, and Mexican authorities ignored his attempts. In fact, he indicated that Mexican authorities' presence and inquiry once prevented unidentified men from kidnapping him.

Ayala-Valencia also testified that he "[did not] know what [was] going on in Mexico right now" and could not provide any specific examples of Mexican authorities acquiescing to gang-related crimes; he only vaguely asserted that "[he] just hear[d] things" "[f]rom people—everyone knows." While Ayala-Valencia submits general country conditions evidence that indicates some corruption of local public officials in Mexico, this evidence alone does not compel the conclusion that Ayala-Valencia established acquiescence sufficient to satisfy the reasonable fear standard. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). A reasonable factfinder could find that Ayala-Valencia's credible testimony and other evidence did not establish that public officials had turned a blind eye to any torturous activity he suffered, or that they will inflict, consent to, or acquiesce to his torture in the future. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007) ("Although a reasonable factfinder could have found Petitioner credible, no such finding is compelled by the evidence." (emphases omitted)).

The temporary stay of removal remains in place until the mandate issues.  The

motion for a stay of removal is otherwise denied.

**PETITION DENIED**.